**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**OSCAR DANIEL MEJIA TEJEDA,**

**Petitioner,**

**v.**

**WARDEN DELANEY HALL DETENTION FACILITY, *et al.*,**

**Respondents.**

**Case No. 26–cv–11392–ESK**

**OPINION AND ORDER**

**THIS MATTER** is before the Court on petitioner Oscar Daniel Mejia Tejeda's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.)

1. Petitioner is a citizen of the Dominican Republic. (ECF No. 1 p. 11.) He entered the United States on or about April 12, 2022. (*Id.*)

2. He was detained by Immigration and Customs Enforcement (ICE) on February 20, 2026. (*Id.* p. 13.)

3. An immigration judge ordered petitioner's removal on July 22, 2026. (ECF No. 5-2.) Petitioner did not file an appeal with the Board of Immigration Appeals (BIA). (ECF No. 7.)

4. This Petition followed on September 3, 2026. (ECF No. 1.)

5. Respondents filed a letter on September 8, 2026 arguing that petitioner is properly detained pursuant to 8 U.S.C. § 1231(a) because he is subject to a final order of removal. (ECF No. 5 p. 1.)

6. Section 1231 states in relevant part that after a noncitizen "is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)).

7. "The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order. (iii) If the [noncitizen]is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B).

8. Petitioner had until August 21, 2026 to file an appeal with the BIA but did not do so. 8 CFR § 1003.38; (*see also* ECF No. 7.) His order of removal became administratively final on August 21, 2026.

9. Ninety days from August 21, 2026 is November 19, 2026. Petitioner is presently well within the 90-day removal period, making his detention mandatory.[1]

Accordingly,

**IT IS** on this **24th** day of **September 2026** **ORDERED** that:

1. Petitioner's § 2241 Petition is **DENIED WITHOUT PREJUDICE**.

2. Any restrictions imposed by this Court on petitioner's location are **LIFTED**.

3. The motion for a temporary restraining order at ECF No. 2 is **DISMISSED**.

4. The Clerk shall send a copy of this opinion and order to petitioner by regular mail and **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

[1] I note that my decision is limited to the facts alleged in the Petition. I express no opinion as to whether petitioner may be able to make out a prolonged detention claim or other challenge to his detention in the future, but nothing in this Opinion and Order shall be construed to prevent him from making the argument.